IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert Payne, | ) |
|                     Plaintiff, | )   Civil Action No. 6:11-2011-DCN-KFM |
| vs. | )   **REPORT OF MAGISTRATE JUDGE** |
| CCDC Jailer C. Fennell, Chief Jailer Lucas, Charleston County, | ) |
|                     Defendants. | ) |

       This matter is before the court on the *pro se* plaintiff's motion for a temporary restraining order ("TRO") (doc. 24). The plaintiff, a pretrial detainee at the Charleston County Detention Center ("CCDC"), alleges the prison conditions at the CCDC violate his constitutional rights.

       Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

       The plaintiff is currently confined at the CCDC following his May 29, 2011, arrest for discharging a firearm, disorderly conduct, public intoxication, and indecent exposure. The plaintiff states in his motion that he has been diagnosed with prostate cancer. He asks that the court order the defendants to let him obtain treatment at the Veterans Administration ("VA") Medical Center and Creative Health Institute and to provide him with a "raw, vegan diet of organic fruit and vegetables with a maximum of 10% plant protein, ½ gallon of distilled water, ½ gallon of fresh juiced, unpasteurized organic green vegetable and sprout juice daily" (m. for TRO at 2, 4).

       "[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Fed. Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir.1981). To obtain a preliminary

injunction, the plaintiff must demonstrate: "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council., Inc.*, 555 U.S. 7, 20 (2008); *see Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, at *1 (D.S.C. August 18, 2009) (slip copy) (applying *Winter* standard and noting that the *Blackwelder Furniture Co. v. Seling Mfg. Co.*, 550 F.2d 189 (4th Cir. 1977) balance-of-hardship test no longer applies). *See Neiswender v. Bank of America*, No. 09-2595, 2009 WL 1834406, at *1 (N.D. Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").

The defendants oppose the motion for a TRO and submitted the affidavit of Ashley Cash, the Director of Support Services for the CCDC, in support of their opposition. According to Ms. Cash, the plaintiff is provided with dietary choices and menus approved by a dietician (Cash aff. ¶ 6). The plaintiff has available to him the choice of 19 therapeutic, religious, and lifestyle diets, including a vegan diet (*id.* ¶¶ 6-8). The therapeutic diets are varied and are all approved by a dietician to ensure that inmates obtain the recommended daily amount of vitamins and minerals (*id.* ¶ 6). While the doctors can make specific orders for diets that are specialized for a patient, these specific diets are generally for inmates with acute food specific allergies (*id.* ¶ 11). Outside a doctor's medical orders, individual inmates cannot make special requests for dietary menus that they want or believe will be healthy for them as this is impossible given the CCDC's resources (*id.* ¶ 10).

As argued by the defendants, granting the plaintiff's request for a TRO or preliminary injunction would cause much greater harm to the CCDC than to the plaintiff. The CCDC provides a vegan diet, but the plaintiff is asking this court to order the CCDC to provide him with a diet that includes such things as 100% organic raw and uncooked fruits and vegetables and ½ gallon of fresh, organic, unpasteurized green juice daily. The plaintiff requests this as an individual inmate and not pursuant to a specific doctor's orders. Clearly, the CCDC does not have the resources available to it to provide specific dietary requests

for every inmate, including the plaintiff.  Further, the plaintiff cannot show that eating the vegan diet provided by the CCDC would not be sufficient to fulfill his dietary needs.

The plaintiff makes the following statement in his motion, "Plaintiff is asking this court to order defendants to allow him to obtain the medical treatment he needs to live at the VA Medical Center and Creative Health Institute . . . " (pl. m. for TRO at 4).  The defendants interpreted this statement as a request for the court to order the defendants to allow the plaintiff to live at the VA.  To the extent this is the plaintiff's request, he clearly has not met his burden of demonstrating the requisite four elements for a TRO.  The VA is not a detention center and is not a secured facility.  To the extent the plaintiff's statement was a request for treatment at the VA, the defendants state that the plaintiff is allowed to have treatment at the VA (def. resp. m. for TRO at 2).

The plaintiff has not shown that he is entitled to injunctive relief.  Accordingly, the motion (doc. 24) should be denied.

s/ Kevin F. McDonald
United States Magistrate Judge

November 8, 2011
Greenville, South Carolina