IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert Payne, ) | Civil Action No. 6:11-2011-DCN-KFM |
| Plaintiff, ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| CCDC Jailer C. Fennell, et al., ) | |
| Defendants. ) | |

The plaintiff, a pretrial detainee proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On November 28, 2011, the defendants filed a motion for summary judgment (doc. 37). By order filed November 28, 2011, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On January 24, 2012, this court filed a second order (doc. 73) giving plaintiff 20 days to respond to the motion for summary judgment, as the response deadline imposed by the *Roseboro* order had passed. The plaintiff filed his response in opposition on February 16, 2012. On February 28, 2012, this court issued an order directing the defendants to provide certain discovery to the plaintiff and allowing the plaintiff to thereafter supplement his response to the motion for summary judgment. The plaintiff did not supplement his response.

**BACKGROUND**

The plaintiff is currently incarcerated at the Charleston County Detention Center ("CCDC") following a May 29, 2011, arrest for discharging a firearm, disorderly conduct, public intoxication, and indecent exposure. The plaintiff's five claims are as follows: (1) defendant Fennell stole his legal documents and refused to make legal copies; (2) defendant Lucas confiscated the recreational reading library on his cell block; (3) he has not been given his specific vegan diet; (4) he has not been given enough vitamin D; and (5) defendant Lucas would not give him a list of inmates that included their name and arrest charge (comp. at 3-4).

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the

2

existence of a mere scintilla of evidence in support of the the the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

The Supreme Court has made it clear that corrections officials are to be accorded considerable deference in their prison management decisions. In *Thornburgh v. Abbott,* 490 U.S. 401 (1989), the Court explained that, "Acknowledging the expertise of these officials and that the judiciary is 'ill equipped' to deal with the difficult and delicate problems of prison management, this Court has afforded considerable deference to the determinations of prison administrators who, in the interest of security, regulate the relations between prisoners and the outside world." 490 U.S. at 407-08 (citing *Procunier v. Martinez*, 416 U.S. 396, 404-405 (1974)); *see also Overton v. Bazzetta,* 539 U.S. 126, 132 (2003) ("We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them.") (citations omitted).

***Claims on Behalf of Other Similarly Situated Persons***

The plaintiff styles his complaint by naming as the plaintiff "Robert Payne and other Similarly Situated Persons," and he asks as a measure of relief for "Class Action Certification." The Fourth Circuit Court of Appeals has held that allowing an unrepresented, incarcerated person to bring claims on behalf of similarly situated prisoners or to be a class representative would amount to "plain error." *Oxendine v. Williams*, 509 F.2d 1405, 1407

3

(4th Cir. 1975). *See also Mitchell v. Caruso,* No. 1:07-cv-92, 2007 WL 837196, at *2 (W.D. Mich. 2007) ("because the plaintiff is an incarcerated, *pro se* litigant, he is not an appropriate representative of a class."). Therefore, class certification should be denied.

### *Vegan Diet*

In his complaint, the plaintiff states that he is a "minister ordained by the Universal Life Church and a Vegan Health Minister certified by Hacres.com," and he asks for a "special diet for religious and medical reasons" (comp. at 3). In support of the motion for summary judgment, the defendants submitted the affidavit of Ashley Cash, who is the Director of Support Services for the CCDC (def. m.s.j., ex. A, Cash aff.). At CCDC, the plaintiff is provided with dietary choices and menus approved by a dietician. The plaintiff has available to him the choice of 19 therapeutic, religious, and lifestyle diets, including a vegan diet. While doctors can make specific orders for diets that are specialized for a patient, these specific diets are generally for inmates with acute food-specific allergies. Outside a doctor's medical orders, individual inmates cannot make special requests for dietary menus that they want or believe will be healthy for them. The CCDC is not a hotel, and the cafeteria is not a restaurant and/or grocery store. The diets are varied and are all approved by a dietician to ensure that inmates obtain the recommended daily amount of vitamins and minerals (*id.* ¶¶ 6-11).

The plaintiff has not stated a cause of action showing that the defendants have violated his constitutional rights concerning his highly specific vegan diet. The CCDC provides a vegan diet that the plaintiff may request (*id.* ¶¶ 7-10, 13). The plaintiff is asking this court to order the defendants to provide him with a very specific vegan diet that is different from the vegan diet already provided. In one of his many motions for temporary restraining order or preliminary injunction, the plaintiff requests such things as 100% organic raw and uncooked fruits and vegetables, and a half gallon of fresh, organic, unpasteurized green juice daily (*see* doc. 24). The plaintiff requests this as an individual inmate and not

pursuant to a specific doctor's orders. The CCDC does not have the resources available to it to provide specific dietary requests for every inmate (Cash aff. ¶ 10). Further, the plaintiff cannot show how eating the vegan diet provided by the CCDC would not be sufficient to fulfill his dietary needs. For these reasons, the plaintiff's claim with regard to CCDC's provision of a vegan diet is without merit and should be dismissed.

***Medical Claims***

The plaintiff alleges that the defendants did not provide him with sufficient Vitamin D, either in the form of a vitamin supplement or from the sun. The standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment—deliberate indifference to serious medical needs. *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir.1992). Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the [Constitution]." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The government is required to provide medical care for incarcerated individuals. *Id.* at 102. However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir.1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. *See Estelle*, 429 U.S. at 106. Further, while the Constitution requires a prison to provide detainees with medical care, it does not demand that a prisoner receive the treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988). "[A detainee's] mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citation omitted).

In order to state a claim, "[a] plaintiff must satisfy two elements ...: he must show a serious medical need and he must prove the defendant's purposeful indifference

5

thereto." *Sires v. Berman*, 834 F.2d 9, 12 (1st Cir.1987). A medical need is "serious" if "it is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir.1990). "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). *See also Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir.1996) (noting that "the subjective component requires proof of more than mere negligence but less than malice").

The plaintiff has failed to show either element of such a claim. As discussed above, the plaintiff is provided with dietary choices and menus approved by a dietician. The plaintiff has available to him the choice of 19 therapeutic, religious, and lifestyle diets, including a vegan diet. The diets are varied and are all approved by a dietician to ensure that inmates obtain the recommended daily amount of vitamins and minerals (Cash aff. ¶¶ 6-8). The plaintiff claims that he took part in a "Vitamin D - Prostate Cancer Study at the Medical University of SC" (comp. at 4). However, the plaintiff has not provided any medical order from a licensed doctor requiring his alleged Vitamin D cancer treatment. Based upon the foregoing, the plaintiff cannot prove his claim of deliberate indifference to a serious medical need, and the defendants are entitled to summary judgment on this cause of action.

***Inmates' Names and the Subject of Arrests***

The plaintiff claims that defendant Lucas would not provide a list of inmates that included their name and arrest charge (comp. at 4). The Supreme Court in *Turner v. Safley*, 482 U.S. 78 (1987) held that prisons may establish regulations that infringe on an inmate's Constitutional rights if the regulation is "reasonably related to legitimate penological interests." 482 U.S. at 89.

6

The plaintiff requested a listing of inmates including names and arrest charges. The defendants submitted the affidavit of defendant Mitchell Lucas, the CCDC Chief Deputy/Jail Administrator, in support of the motion for summary judgment (def. m.s.j., ex. B, Lucas aff.). Defendant Lucas testified that providing this type of information on specific inmates to other inmates in the jail population poses grave safety concerns (*id.* ¶ 11). Because safety is a legitimate penological concern and the policy of not providing information on inmates to other inmates is reasonably related to that concern, this claim should be dismissed.

### *Recreational Reading Library*

The plaintiff claims that defendant Lucas confiscated the recreational reading library in his cell block (comp. at 3). According to Jail Administrator Lucas, the CCDC contains a centralized library that supports the entire jail. For the individual housing units (i.e. cell blocks), the CCDC provides a "book cart" with books that prisoners can check-out. These book carts are periodically removed from the individual housing units to replace damaged books or to switch out books to provide new reading material for the inmates. At no time have the book carts or the centralized library been "confiscated" as the plaintiff claims in his complaint (Lucas aff. ¶¶ 5-9).

It is well settled that a party may not rest on the allegations made in his pleadings, but rather must set forth specific facts to support his position and show there is an issue of fact. *Shirley's Iron Works, Inc. V. City of Union*, 693 S.E.2d 1, 5 (S.C. Ct. App. 2010). The plaintiff has made a broad allegation in his complaint that "Defendant Lucas confiscated the recreational reading library from our cellblock (and I believe the entire jail) and refuses to return our books" (comp. at 3). However, the plaintiff has not set forth specific facts to support his claims and has also not shown how any of these allegations caused him injury for which the defendant is responsible. Accordingly, this claim fails and should be dismissed.

***Legal Documents***

The plaintiff claims that the defendant Fennel took his legal documents and refused to make legal copies (comp. at 3). "'[T]he due process rights of prisoners and pre-trial detainees [against the deprivation of their property without due process of law] are not absolute; they are subject to reasonable *limitation or retraction* in light of the legitimate security concerns of the institution.'" *Lyon v. Farrier*, 730 F.2d 525, 527 (8th Cir.1984) (emphasis in original) (quoting *Bell v. Wolfish*, 441 U.S. 520 (1979)). The plaintiff has made broad allegations in his complaint, but has not set forth specific facts to support his claims. The plaintiff does not identify the legal documents taken[1], and, in his response in opposition to the motion for summary judgment, the plaintiff comes forward with no evidence to support his claims. Further, he has not shown that the alleged action or inaction by the defendants with regard to his legal papers injured him in any way.

Also, to the extent the plaintiff alleges denial of access to the courts, such claim fails. In *Lewis v. Casey*, 518 U.S. 343, 349 (1996), the Supreme Court held that a prisoner must show some actual injury resulting from a denial of access to the courts in order to allege a constitutional violation. This requirement can be satisfied by demonstrating that a non-frivolous legal claim was frustrated or impeded by some actual deprivation of access. *Id.* at 352-53. The plaintiff has not shown how any of these allegations caused him injury for which the defendants are responsible. With regard to his allegation that the defendants refuse to make legal copies for him, the defendants state that as of January 27, 2012, all of the plaintiff's requests for legal copies have been processed and given to him (Singleton aff. ¶ 12, doc. 79-1). Furthermore, the plaintiff's numerous filings in this case and his many other cases demonstrate that his access to the courts has not been impeded by the defendants. Based upon the foregoing, this claim fails.

---

[1]The one document identified by the plaintiff in his complaint relates to another inmate (comp. at 3).

8

*Qualified Immunity*

As an additional ground for dismissal, the defendants in their individual capacities are entitled to qualified immunity as described in *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) and its progeny, as their conduct did not violate any constitutional right of the plaintiff.

*State Law Claims*

Having found that the defendants are entitled to summary judgment regarding the plaintiff's constitutional claims, it is recommended that the court decline to exercise supplemental jurisdiction over any claims for relief asserted pursuant to state law. See 28 U.S.C. § 1367(c)(3).

## **CONCLUSION AND RECOMMENDATION**

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the defendants' motion for summary judgment (doc. 37) be granted. Should the district court adopt this court's recommendation, any pending nondispositive motions will be moot.

s/Kevin F. McDonald
United States Magistrate Judge

March 27, 2012
Greenville, South Carolina